IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTONIO BANKS, | ) | 4:10CV3162 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT BAKEWELL, Warden, and | ) | |
| the STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Petitioner's Motion for Leave to Amend (filing no. 13) and Motion to Appoint Counsel (filing no. 15). In his Motion for Leave to Amend, Petitioner seeks to add one additional claim to his Petition for Writ of Habeas Corpus (the "Petition"). For good cause shown, the court will allow the amendments. Condensed and summarized for clarity, the Petition, as amended, asserts two claims:[1]

    Claim One:    Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments *because* the trial court (1) refused Petitioner's request to excuse several jurors for cause; (2) denied Petitioner's request for a change of venue; (3) failed to properly instruct the jury regarding lesser included offenses, Petitioner's defenses, and witness credibility determinations which negatively affected the jury's "fact finding;" (4) prevented Petitioner from cross-examining witnesses regarding drug use; (5)

---

[1]Claim One was contained in the original Petition and is unchanged in this Memorandum and Order. Claim Two was not contained in the original Petition.

         inappropriately allowed the State to amend the charges against Petitioner; and (6) failed to sustain Petitioner's motion for directed verdict even though the evidence against Petitioner was insufficient.

Claim Two:   Petitioner was denied the effective assistance of counsel *because* his trial and appellate counsel failed to: (1) investigate and call witnesses in support of a self-defense theory; (2) hire an investigator to assist in defense strategy; (3) pursue and request a jury instruction "on self-defense"; and (4) assert that jury selection "was unconstitutionally tainted" because qualified jurors were excluded on the basis of race.

  Liberally construed, the court preliminarily decides that both of Petitioner's claims are potentially cognizable in federal court. Again, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. In light of the addition of Claim Two, the progression of this matter is revised as set forth below.

  Also pending is Petitioner's Motion to Appoint Counsel. (Filing No. 15.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases*

*in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Amend (filing no. 13) is granted. Petitioner may proceed on both of his Claims as set forth in this Memorandum and Order.

2. By **February 25, 2011**, Respondents shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 25, 2011: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the

    record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

4.    If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

    A.    By **February 25, 2011**, Respondents shall file <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g.,*

      Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.     No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.     Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

5

      E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 28, 2011: check for Respondents to file answer and separate brief.

5.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6.      Petitioner's Motion to Appoint Counsel (filing no. 15) is denied.

7.      Respondent's Motion to Substitute Respondent (filing no. 12) is granted. The Clerk of the court is directed to substitute Robert Houston for Robert Bakewell as the Respondent in this matter.

DATED this 1st day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon  
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.