IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTONIO BANKS, | ) | 4:10CV3162 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, and | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner's Motion for a Stay and Abeyance. (Filing No. 26.) As set forth below, the Motion is granted.

### I.  BACKGROUND

A jury convicted Petitioner of first degree murder and use of a firearm to commit a felony. *State v. Banks*, 771 N.W.2d 75, 80 (Neb. 2009).[1] The Lancaster County, Nebraska District Court thereafter sentenced Petitioner to life imprisonment on the murder conviction and 20-30 years imprisonment on the use of a weapon conviction. *Id.* Petitioner filed a timely direct appeal, and the Nebraska Supreme Court affirmed the convictions and sentences in a detailed opinion issued on August 21, 2009. *Id.* at 75. Petitioner was represented on appeal by the same counsel who represented him at trial. (Filing No. 23 at CM/ECF p. 3.)

Petitioner timely filed a Petition for Writ of Habeas Corpus ("Petition") (filing no. 1) in this court on August 20, 2010, without first filing a motion for

---

[1] Respondents filed the State Court Records in this matter in paper copy form, which are currently maintained in the Clerk's office. As set forth below, those records will be returned to Respondents for re-filing so that the court may cite to the electronic record.

postconviction relief in state district court. (Filing No. 22.) After the court summarized the claims raised in the Petition, Petitioner sought leave to amend his Petition, which the court granted. (Filing No. 18.) As amended, Petitioner asserted the following claims in his Petition, which were condensed and summarized for clarity by the court:

Claim One: Petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments because the trial court (1) refused Petitioner's request to excuse several jurors for cause; (2) denied Petitioner's request for a change of venue; (3) failed to properly instruct the jury regarding lesser included offenses, Petitioner's defenses, and witness credibility determinations which negatively affected the jury's "fact finding;" (4) prevented Petitioner from cross examining witnesses regarding drug use; (5) inappropriately allowed the State to amend the charges against Petitioner; and (6) failed to sustain Petitioner's motion for directed verdict even though the evidence against Petitioner was insufficient.

Claim Two: Petitioner was denied the effective assistance of counsel because his trial and appellate counsel failed to: (1) investigate and call witnesses in support of a self-defense theory; (2) hire an investigator to assist in defense strategy; (3) pursue and request a jury instruction "on self-defense"; and (4) assert that jury selection "was unconstitutionally tainted" because qualified jurors were excluded on the basis of race.

(Filing No. 18 at CM/ECF pp. 1-2.)

## II. PETITIONER'S MOTION TO STAY

The court must determine whether it should stay these proceedings to allow

Petitioner to present any unexhausted claims to the state court and then return to this court for review of his perfected Petition.

A federal district court has the discretion to stay a mixed petition only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A mixed petition is "a single petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271. Stay and abeyance of a mixed petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Furthermore, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." *Id.*

When a court determines stay and abeyance is appropriate, the court's discretion is limited by timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Id.* A mixed petition should not be stayed indefinitely. *Id.* at 278. Rather, the court should "place reasonable time limits on a petitioner's trip to state court and back." *Id.* Finally, the court should not grant stay and abeyance to petitioners who engage in "abusive litigation tactics or intentional delay." *Id.*

After careful review of the record, the court finds that the Petition (filing no. 1) is mixed, and a stay and abeyance of the Petition is appropriate. The subparts of Claim One are either exhausted because Petitioner raised the issues on direct appeal, or are exhausted by procedural default because they were not raised in Petitioner's direct appeal and Petitioner will be barred from raising them in a postconviction motion. *See State v. Jackson*, 747 N.W.2d 418, 429 (Neb. 2008). (Filing No. 23.) However, as conceded by Respondents, Claim Two is entirely unexhausted because Petitioner's first opportunity to file the claim will be in a state postconviction motion. *See State v. McHenry*, 682 N.W.2d 212, 220 (Neb. 2004) ("When a defendant was represented both at trial and on direct appeal by the same lawyers, generally speaking,

3

the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief."); *see also* Filing No. 23 at CM/ECF pp. 4-5.

The court finds that Petitioner has good cause for his failure to exhaust Claim Two. It appears that Petitioner misunderstood that he must first assert Claim Two in a postconviction action, and, as such, he should be given a reasonable opportunity to pursue Claim Two in state court before this court reviews his perfected Petition. Petitioner's claim is not clearly meritless, and there is no indication that he is bringing the claim to intentionally delay litigation or as a litigation tactic. Moreover, the Petition was timely filed, but the one-year limitations period under AEDPA has now expired. If the court simply dismissed the Petition, rather than stay it, Petitioner would be barred from returning to this court to pursue his claims after exhaustion. In light of this, the court will grant the Motion for a Stay and Abeyance.

Although the Motion is granted, these proceedings will not be stayed indefinitely. The Supreme Court advised district courts to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, Petitioner must pursue state court remedies within 60 days of the date this Memorandum and Order is entered, and he must return to federal court within 60 days of the date his state court exhaustion is completed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for a Stay and Abeyance (filing no. 26) is granted for a limited time. Petitioner must pursue state court remedies no later than October 31, 2011, and he must return to federal court within 60 days of the date his state court exhaustion is completed. Should Petitioner fail to pursue state court remedies by October 31, 2011, the court will lift the stay and rule on the merits of the Petition (filing no. 1) without further notice.

2.  The parties must file written status reports no later than October 31, 2011, advising the court whether Petitioner has pursued state court remedies.

3.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 31, 2011: deadline for Petitioner to pursue exhaustion of Claim Two and for parties to file written status reports.

4.  The Clerk of the court is directed to return to Respondents the State Court Records (filing no. 17) which are currently maintained in paper copy form in the Clerk's office.

5.  No later than October 31, 2011, Respondents shall re-file the entire "Transcript" portion of the State Court Records (filing no. 17, items 1-5) in this matter in electronic form. To the extent Respondents wish to file the remainder of the State Court Records (filing no. 17, item 6) in paper copy form, they shall first seek leave from the court to do so.

DATED this 2nd day of September, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.