IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ANTONIO BANKS,                    )
                                  )
               Petitioner,        )       4:10CV3162
                                  )
     v.                           )
                                  )
SCOTT FRAKES, Director of         )       MEMORANDUM OPINION
the Nebraska Department of        )
Corrections,                      )
                                  )
               Defendant.         )
_____)
```

This matter is before the Court on the petitioner, Antonio Banks' ("Banks" or "petitioner") amended petition for a writ of habeas corpus (Filing No. 54). Liberally construed, Banks argues he is entitled to a writ of habeas corpus based on the following claims:

Claim One: petitioner was denied due process of law in violation of the Sixth and Fourteenth Amendments because the Nebraska state trial court (1) refused petitioner's request to excuse several jurors for cause; (2) denied petitioner's request for a change of venue; (3) failed to properly instruct the jury regarding lesser included offenses, petitioner's defenses, and witness credibility determinations which negatively affected the jury's "fact finding;" (4) prevented petitioner from cross examining witnesses regarding drug use; (5) inappropriately allowed the State to amend the charges against petitioner; and

(6) failed to sustain petitioner's motion for directed verdict even though the evidence against petitioner was insufficient. *See id.*

Claim Two: petitioner was denied the effective assistance of counsel because his trial and appellate counsel failed to:  (1) investigate and call witnesses in support of a self-defense theory; (2) hire an investigator to assist in defense strategy; (3) pursue and request a jury instruction "on self-defense;" and (4) assert that jury selection "was unconstitutionally tainted" because qualified jurors were excluded on the basis of race.  *See id.*

The respondent, Scott Frakes ("Frakes" or "respondent") filed an answer to the amended habeas petition (Filing No. 63) as well as a brief in support of his answer (Filing No. 64).  After a thorough review of the petition, the respondent's answer and supporting brief, and the applicable law, the Court will deny Banks' petition for a writ of habeas corpus and finds as follows.

**BACKGROUND AND PROCEDURAL HISTORY**

A jury found "petitioner guilty of first degree murder and use of a firearm to commit a felony" on March 9, 2007. (Filing No. 54 at 4).  Banks was sentenced "to a term of life imprisonment . . . for first degree murder and to a consecutive term of not less than twenty years, nor more than thirty years

. . . for the use of a firearm to commit a felony." (*Id.* at 4-5). Petitioner appealed his conviction and sentence. On direct appeal, the Nebraska Supreme Court affirmed both Banks' conviction and sentence after discussing and analyzing each of petitioner's assignments of error. *See State v. Banks*, 771 N.W.2d 75 (Neb. 2009).

On August 20, 2010, Banks filed his first petition for a writ of habeas corpus in federal court (Filing No. 1). On September 2, 2011, Judge Bataillon granted petitioner's motion for a stay and abeyance giving Banks the opportunity to return to the Nebraska state courts and exhaust his unexhausted claims in a state postconviction setting (Filing No. 27). Following the conclusion of Banks' postconviction proceedings, Judge Bataillon lifted the stay and abeyance and petitioner filed an amended petition on August 12, 2015 (Filing No. 54). On October 15, 2015, Judge Bataillon ordered respondent to file either a motion for summary judgment and accompanying brief or to produce the state court records in support of an answer (Filing No. 55). Respondent thereafter submitted his designation of state court records in support of his answer (Filing No. 58). On February 5, 2016, respondent filed his answer to the amended petition and a brief in support thereof (Filing Nos. 63 and 64). On March 3,

2016, this case was reassigned to the undersigned for disposition (Filing No. 66).

**LAW**

    **A. Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

> round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief.  In Nebraska, "one complete round" ordinarily means that each Section 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).  Moreover, where

> no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996)).

### B. Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Further, "it is not enough for [a federal court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (internal citations omitted).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court

proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be."  *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).  The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Id.*  However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court.  *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim.  The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that "AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court." *Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).  The Eighth Circuit also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts."  *Worthington*, 631 F.3d at 497.  A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims."  *Id.*

**DISCUSSION**

With respect to Claim One, the Court finds that the Nebraska Supreme Court made specific merit determinations as to each and every one of petitioner's assignments of error. Accordingly, Claim One was adjudicated on the merits.  *See Banks*, 771 N.W.2d 75 at 86-103.  Applying AEDPA's extremely stringent standard to Claim One, the Court concludes that the Nebraska Supreme Court's decision was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C.

§ 2254(d)(1). The Court also finds that the Nebraska Supreme Court's factual findings were not unreasonable. In addition, Banks has failed to rebut the factual determinations made by the Nebraska Supreme Court by clear and convincing evidence. Accordingly, the Court will deny Banks' petition for a writ of habeas corpus as to each allegation contained in Claim One.

With respect to Claim Two, the Court concludes that all but one of the allegations therein are procedurally defaulted. After filing his original habeas petition, Banks filed a pro se motion for postconviction relief in Lancaster District Court. *See State v. Banks*, 856 N.W.2d 305, 307-08 (Nebraska 2014). Banks alleged "his trial counsel was ineffective" based on the same allegations contained in Claim Two of his amended petition for a writ of habeas corpus. *Banks*, 856 N.W.2d at 307-08; *see also* Filing No. 54.

The Lancaster District Court "overruled in part and in part sustained the State's motion [to deny an evidentiary hearing and overrule Banks' motion for postconviction relief]." *Banks*, 856 N.W.2d at 308. The district court concluded "that Banks' first ineffective assistance of counsel claim regarding the alleged failure to conduct a reasonable pretrial investigation was 'inadequately pled,' because Banks did not 'identify the witness or other exculpatory evidence that would have been

discovered had his trial counsel performed the pretrial investigation Banks allege[d] was omitted.'" *Id.* The district court also determined Banks "was not entitled to relief under any of the remaining ineffective assistance of counsel claims." *Id.* The district court sustained the State's motion to deny an evidentiary hearing and overruled Banks' motion for postconviction relief with respect to all claims except the one Banks had inadequately pled. *Id.* Banks failed to timely appeal that ruling. *Id.*

Banks' failure to appeal the Lancaster District Court's March 23, 2012, order makes all but one of the allegations contained in Claim Two procedurally defaulted. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (stating that procedural default provides "'an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim[s], unless the petitioner can demonstrate cause and prejudice for the default.'") (quoting *Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) (additional citations omitted)). A thorough review of the record before the Court reveals no cause or prejudice for Banks' failure to appeal the Lancaster District Court's March 23, 2012 order. Therefore, the Court concludes allegations two through four of Claim Two are procedurally

-10-

defaulted. The Court will thus deny Banks' petition for a writ of habeas corpus as to those allegations.

The Lancaster District Court provided Banks leave to amend his pro se motion for postconviction relief. *Banks*, 856 N.W.2d at 308. After Banks amended his motion, the district court, on August 5, 2013, "sustained the State's motion to deny an evidentiary hearing and overruled Banks' amended motion for postconviction relief." *Id.* Banks timely appealed the district court's August 5, 2013, order. *Id.* at 309.

On December 5, 2014, the Nebraska Supreme Court affirmed the district court's ruling denying "an evidentiary hearing on Banks' ineffective assistance of counsel claim relating to the pretrial investigation." *Id.* at 309, 310. The Nebraska Supreme Court reasoned "Banks was not entitled to an evidentiary hearing on his ineffective assistance counsel claim relating to the pretrial investigation, because he alleged only conclusions of fact or law." *Id.* at 309. As with the allegations contained in Claim One, Banks' ineffective assistance of counsel claim relating to the pretrial investigation was determined on the merits by the Nebraska Supreme Court. *See id.* at 309-10. Thus, the stringent standard provided under AEDPA's Section 2254(d) applies.

The Court finds that the Nebraska Supreme Court's decision was not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. The Court also finds that the Nebraska Supreme Court's factual findings were not unreasonable. Furthermore, Banks has failed to rebut the factual determinations made by the Nebraska Supreme Court by clear and convincing evidence. The Court will deny Banks' petition for a writ of habeas corpus as to Banks' ineffective assistance of counsel claim relating to the pretrial investigation. Accordingly, Banks' petition for a writ of habeas corpus will be denied in its entirety.

**CERTIFICATE OF APPEALABILITY**

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under Section 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. Daniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Banks has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in Banks' petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, a certificate of appealability will be not issued in this case. A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 15th day of July, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court